■ HOMER L. CHAPIN et al., Respondents-Appellants, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 48771.) — STALEY, JR., J. Cross appeals from a judgment in favor of claimant, entered March 21, 1969, upon a decision of the Court of Claims. On May 31, 1966 the State appropriated, pursuant to section 30 of the Highway Law, a portion of claimants' 260 acre farm in the Town of Morristown, St. Lawrence County, for the purpose of constructing a new highway overlooking the St. Lawrence River between Morristown and Alexandria Bay. There were 33.969 acres appropriated in fee without access; 0.032 acre was appropriated in fee with access and permanent easements were appropriated over 0.510 acre. Prior to the appropriation, claimants' farm which was bisected by Atwood Road in an east-west direction was situated between the westerly line of Oak Point Road and the easterly bank of the St. Lawrence River and, although most of the river frontage had been sold off, claimants retained 400 feet of the river frontage. After the

appropriation the farm was traversed in a north-south direction by the new highway, thereby causing approximately 30 acres of land lying along the westerly side of the farm to be severed from the main farm. The improvements on the farm consisted of a two and one-half story frame residence on the south side of Atwood Road; a two and one-half story frame barn and and other farm buildings on the north side of Atwood Road, and a tenant house and camp building on about two acres of river frontage. Both the appraisers for the claimants and the State agreed that the buildings were not damaged by the appropriation, except the barn which was superadequate after the appropriation. Claimants' appraiser testified that the highest and best use of the property before the appropriation was for a dairy farm with river view lots along the northwesterly line overlooking the river. He assigned a before value of $85,700 to the property and an after value of $67,700. He computed direct damages of $17,068 assigning $3,068 to 20.45 acres of farm land at $150 per acre, and $14,000 to 14 acres of the river view lot area taken. He considered the remaining 192.5 acres as consequentially damaged at the rate of $5 per acre for a total of $963. He arrived at total damages of $18,031. Claimants' appraiser testified to comparable sales of river view lots, farm land and operating farms. The State's appraiser determined the highest and best use of the property as an operating dairy farm and assigned a before value of $38,400 to the property, and an after value of $34,300. He computed direct damages at $1,625 assigning $1,083 to 12 acres of tillable land and $548 to 22 acres of pasture land taken. He arrived at consequential damages of $2,460 assigning $1,280 to 16 acres of tillable land west of the appropriation which he considered as converted to pasture land with a value of $10 per acre; $180 to 12 acres of pasture land west of the appropriation with a reduced value to $10 per acre and $1,000 to the dairy barn which was considered as superadequate after the appropriation. He gave no additional value to the land overlooking the river as river view lots, stating that he considered that river view lots did not have the demand as long as there was so much undeveloped river frontage between Morristown and Alexandria Bay. On cross-examination he admitted that river view lots had been sold in the area, and that the properties he had used as comparables were not located along the river. The court determined the highest and best use of the property before the appropriation was agricultural with an enhancement because of the river view lots and river frontage, and that the highest and best use was the same after the appropriation with a slightly diminished quality in agricultural use and a loss of part of the enhancement created by the river view lots. The court placed 10 acres of the potential river view lots within the appropriation, and determined that 20 acres of the severed 30 acres in the west section of the property retained its enhancement for potential river view lots. The court set the enhanced value of the river view lots at $750 per acre, stating that the claimants' appraiser had not adequately adjusted his comparables downward to reflect the amount of acreage and the strength of the demand. The court then arrived at a before value of $58,440 and an after value of $46,780, indicating total damages of $11,660 of which it assigned $9,230 to direct damage, and $2,430 to consequential damage. Other than stating that the barn and the farm lands west of the appropriation had been damaged, the court did not indicate the manner in which it arrived at its before and after values. The court's findings of before value and after value are within the range of the testimony. Both appraisers basically found that the highest and best use of the property was as a dairy farm with the court finding an enhancement to a portion of the land taken by reason of a potential as river view lots. However, the court did not accept the claimants' expert's

opinion as to the value of the enhancement, but explained the reduction in value adopted by it, finding that " claimants' appraiser over valued the river view acreage. He did not adequately adjust his comparables downward to reflect the amount of acreage and the strength of the demand." If the trial court reaches an evaluation different from that of the expert's opinion based on such use, and if there is other evidence to support the award, and the trial court furnishes an explanation as to how the valuation was reached, the award may be sustained. Judgment affirmed, without costs. Reynolds, J. P., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Staley, Jr., J.